I respectfully dissent from the opinion of the majority. The instant case is squarely within the precedent set by this court in Goudreau Management Co., v. Lancaster (Mar. 24, 1994), Cuyahoga App. No. 65015, unreported. Where a lease clearly and unambiguously sets forth the provision for automatic renewal without the prior sixty-day written notice of intent to vacate at the end of the lease term, or actual timely knowledge of the lessee's intention to vacate, the lessee remains liable for the remainder of the lease or until the property is relet.
A thorough review of the evidence submitted, shows that Roberts failed to provide the trial court with any evidence that she provided timely written notice to Appellant through its former employee, Ms. Lisinsky. Roberts failed to provide either an affidavit of Ms. Lisinsky or her witness testimony as to any timely written or verbal notice. The lease in question expressly states that verbal notification is insufficient for effective termination. As in Goudreau, there is a lack of notice that complies with the requirement of the contract between the parties. Where there is a meeting of the minds between the parties, this court should not disturb a valid agreement. The trial court correctly found that the notice to terminate the lease was non-conforming. However, the trial court did not find Roberts liable for the rent due through the period until the property was relet, although there is no finding that the Appellant failed to reasonably mitigate its damages.
Furthermore, the majority's determination that under the facts of this case, a sixty-day termination provision which is clear and unambiguous is not acceptable; is in opposition with the agreement of the parties, and the majority fails to cite any law which supports this departure from Goudreau. I cannot find that the contract between the lessee and lessor should be ignored.